**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **TIMOTHY LEE MOXEY, JR., #K99357,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO.11-727-GPM** |
| | ) | |
| **NURSE UNFRIED and DR. BLANKINSHIP,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Timothy Lee Moxey Jr., an inmate in Graham Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on an incident that occurred while Plaintiff was a pretrial detainee housed at Madison County Jail.  Plaintiff is serving a five year sentence for residential burglary.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to dismissal.

**The Complaint**

Plaintiff saw Defendant Nurse Unfried on October 8, 2010, and told her he was HIV-positive. Defendant Dr. Blankinship told Plaintiff that he could go on medication for the HIV infection, to which Plaintiff agreed. Plaintiff did not receive any medication for a month and returned to the physician. Defendant Blankinship stated that Plaintiff had refused care during his prior visit (which Plaintiff denies), but that he would now attempt to get Plaintiff the medication. Plaintiff saw Defendant Unfried sometime later and again asked about the medication. She stated that the two infectious disease doctors in the area refused to see Plaintiff, that the medical staff at Madison County Jail could not help Plaintiff, and to get out. Plaintiff went for ten months without

medication before filing suit.  After filing this action, Plaintiff was convicted and in October 2011, was transferred to the custody of the Illinois Department of Corrections, where he remains.

Plaintiff requests compensatory damages and injunctive relief in the form of immediate medical care.

**Discussion**

Although pre-trial detainees are not covered by the Eighth Amendment, their claims for deliberate indifference to medical care are considered under the due process clause of the Fourteenth Amendment, and are entitled to the same sort of protection against deliberate indifference as convicted inmates, no less.  *See Williams v. Romana,* 411 F. App'x 900, 901 n.1 (7th Cir. 2011); *Miller v. Hertz*, 420 F. App'x 629, 634 (7th Cir. 2011).

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999).  Deliberate indifference involves a two-part test.  The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).  However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate;  it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm . . . .  Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). In addition, a condition that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention is also considered a "serious" medical need. *Id.*

Plaintiff describes a serious medical condition, according to the *Gutierrez* factors. A diagnosis of being HIV-positive is a condition which requires treatment, without which AIDS may develop. A reasonable doctor would determine that HIV-positive status would necessitate medication and other possible treatments. Plaintiff thus fulfills the objective prong of an Eighth Amendment claim of deliberate indifference to a serious medical need.

To show deliberate indifference, a prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must actually "draw the inference." *Farmer,* 511 U.S. at 837. However, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 842. A failure of prison officials to act in such circumstances suggests that the officials actually want the prisoner to suffer the harm. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992).

According to the Plaintiff's complaint, Defendant Unfried and Defendant Blankinship each acknowledged Plaintiff's need for medication.  Defendant Blankinship stated during Plaintiff's second visit that Defendant would attempt to get Plaintiff the medication.  Defendant Unfried stated that an attempt had been made to find Plaintiff a physician specializing in infectious diseases to prescribe the medication, but neither of the two available physicians would accept Plaintiff as a patient.  Defendants Unfried and Blankinship thus acknowledged his need for treatment and attempted to procure the necessary medication.  However, they were not successful.  To show deliberate indifference, the treatment must fall short of what any competent medical professional might prescribe:

> A plaintiff can show that the professional disregarded the need only if the professional's subjective response was so inadequate that it demonstrated an absence of professional judgment, that is, that no minimally competent professional would have so responded under those circumstances.

*Steele v. Choi*, 82 F.3d 175, 179 (7th Cir. 1996).  Here, Defendants did not display an absence of professional judgment.  Their responses were not inadequate, as they identified the correct treatment.  Their inability to procure the medication for Plaintiff cannot be deliberate indifference, because any other medical professional in the same situation would have likely performed the same actions and reached the same result.  Plaintiff cannot fulfill the second, subjective prong of an Eighth Amendment claim for deliberate indifference to a serious medical need.  Accordingly, Plaintiff's claim shall be dismissed.

**Disposition**

   **IT IS HEREBY ORDERED** that Plaintiff fails to state a claim upon which relief may be granted.  Therefore, the action is **DISMISSED with prejudice**.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.  *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

DATED: July 9, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge